569 P.2d 831

**STATE of Arizona, Appellee,**

v.

**Patrick Medina CHAVARRIA, Appellant.**

**No. 3922.**

Supreme Court of Arizona,
En Banc.

Sept. 21, 1977.

Bruce E. Babbitt, Atty. Gen. by William J. Schafer, III, and Cleon M. Duke, Asst. Attys. Gen., Phoenix, for appellee.

Derickson, Kemper & Henze by David G. Derickson, James Hamilton Kemper, Phoenix, for appellant.

HAYS, Justice.

On March 5, 1976, the appellant, Patrick Medina Chavarria, entered a plea of no contest to the charge of possession of heroin for sale. On July 15, 1976, he was adjudged guilty and sentenced to serve not less than five years nor more than fourteen years and six months in the Arizona State Prison. Appellant filed a timely notice of appeal. The Arizona Supreme Court has jurisdiction under 17A A.R.S.Sup.Ct. Rules, rule 47(e)(5).

## FACTS

On September 9, 1975, a search warrant was served on appellant at his residence. The residence was then searched and heroin was found. Thereafter appellant made statements to police officers admitting ownership of the heroin and that he had possessed it for sale.

The dispositive issue raised on this appeal is whether the plea of no contest is invalid because appellant did not specifically waive his right to trial by jury.

Appellant raises this issue on the basis of a two-sentence exchange between the court and appellant at the plea proceeding:

"THE COURT: You want to give up your right to a jury trial?

"THE DEFENDANT: No."

■ The state raises the argument that this very brief exchange is a part of a lengthy, very carefully conducted plea proceeding in which the court took great pains to ascertain that the defendant's education was adequate to enable him to understand the ramifications of his plea, to be certain that the defendant understood the rights he would be waiving by his plea, to insure that the defendant understood the possible punishments he would incur upon a judgment of guilty, to establish that the defendant's plea was not the product of threats, coercion or promises not contained in the written plea agreement, and to establish that the defendant did wish to plead no contest. The state argues that, considering the great care with which the court conducted the plea proceeding, it is very likely that the two lines indicating that the appellant did not waive his right to a jury trial were erroneously transcribed. We agree that in the context of such a very careful proceeding, it is likely that the brief exchange indicating that the defendant did not wish to give up his right to a jury trial was incorrectly recorded. Alternatively, it is possible that the judge who had the accused personally before him correctly concluded that the accused in fact waived his right to a jury trial despite the answer "no".

However, when dealing with a matter as serious as giving up the important right to a jury trial, we cannot be satisfied with mere inferences that appellant must have intended to give up this right or that the court reporter made a mistake in transcription. The record must affirmatively show that the appellant waived his right to a jury trial, or the no contest plea will be invalid. *See Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

Therefore, this case must be remanded to the trial court for a determination of whether the appellant did, in fact, waive his right to a jury trial, and for disposition consistent with this opinion.

■ We note that the state used the wrong procedure for raising the issue of erroneous transcription of the plea proceeding. When a party believes that there is a clerical error in the record, the proper procedure is to bring a motion in the trial court under 17 A.R.S. Rules of Criminal Procedure, rule 24.4, so that the trial court may determine if in fact there is an error in the record and, if so, order the error corrected.

Remanded with directions.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HOLOHAN and GORDON, JJ., concur.